IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **NaQuon Mathis,** *Plaintiff,* | ) ) ) |
| v. | ) Case No. 1:21-cv-01076 (PTG/IDD) ) |
| **Officer Joyner,** *et al.,* *Defendants.* | ) ) ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on a Motion to Dismiss filed by Defendants Officer Joyner, Sergeant Holland, Lieutenant Sample, and Ms. Khan (collectively, "Defendants"). Dkt. 18. Defendants ask the Court to dismiss the claims brought under 42 U.S.C. § 1983 by Plaintiff NaQuon Mathis, which arose during his incarceration at Riverside Regional Jail. Defendants support some of their arguments with evidence attached to the motion. Thus, in an Order dated October 6, 2022, the Court warned Plaintiff that it may consider Defendants' evidence and convert the motion to dismiss into one for summary judgment. Dkt. 28. The Court additionally afforded Plaintiff twenty-one (21) days to file a response that included his version of the facts, by submitting affidavits, sworn statements, or other responsive materials. *See* Fed. R. Civ. P. 12(d). To date, Plaintiff has not filed any material opposing Defendants' motion.[1]

Plaintiff's complaint fails to state a failure to protect claim against Lieutenant Sample and Ms. Khan, and the Court finds dismissal of those claims appropriate. Next, the undisputed

---

[1] When a party fails to respond to a motion for summary judgment, the motion can be decided solely on the basis of the movant's submissions. *See* Fed. R. Civ. P. 56(c)(3) (in ruling on motion for summary judgment, "[t]he court need consider only the cited materials"). Plaintiff's status as a *pro se* litigant does not entitle him to lenience in complying with Rule 56. *See, e.g., Thompson v. Wiedemann*, No. 3:16-cv-834, 2018 WL 1568681, at *3 (E.D. Va. Mar. 30, 2018) (observing that the *pro se* plaintiff's "failure to respond to the Motion for Summary Judgment permits the Court to rely solely on the submissions of Defendants in deciding the Motion").

evidence does not demonstrate that Officer Joyner and Sergeant Holland failed to protect Plaintiff from harm and, therefore, the Court grants Defendants summary judgment on these claims. Finally, the Court also finds that Plaintiff's failure to protect claim against Sergeant Marshall does not state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

In the unverified amended complaint, Plaintiff alleges that before he was transferred from segregation to general population, on March 24, 2021, he used a computer to message Ms. Khan, who works in classification, and told her not to place him in housing unit Pod 1A because he "had enemies" there. Dkt. 9. Plaintiff alleges that, because he did not get a response from Khan, he also relayed his request to Sergeant Marshall, who asked Plaintiff to provide names of his supposed enemies. *Id.* Plaintiff responded that he did not "know their real names." *Id.* Plaintiff alleges that Marshall called Lieutenant Sample and told Sample that Plaintiff "wasn't moving." Sample then told Plaintiff to pack up his stuff. *Id.* The next day Plaintiff moved to Pod 1A. *Id.*

On March 26, a day after his transfer, Plaintiff alleges that he was "jumped" by nine inmates inside his cell for three to five minutes. *Id.* Plaintiff alleges that he then asked Officer Joyner to be moved to a different housing unit. *Id.* Plaintiff alleges that even though Joyner knew about the attack and could see Plaintiff's "noticeable black eye," Joyner refused to transfer him. *Id.* Plaintiff alleges that Sergeant Holland also observed Plaintiff's black eye and did nothing. *Id.*

On March 27, Plaintiff alleges that he got into a physical altercation with four other inmates. *Id.* Specifically, Plaintiff alleges: "One of the guys had asked to fight me one on one in the cell. So, I fought him[, and] right after that his homeboy wanted to fight me. This continued

until I fought 4 people to start my morning off." *Id.* According to Plaintiff, Officer Joyner witnessed the fighting and did nothing. *Id.*

On March 28, Plaintiff alleges that he was transferred to a different unit. *Id.*

On April 18, 2021, Plaintiff alleges he filed a grievance form to report what happened in Pod 1A. *Id.* Plaintiff alleges that it was denied by Lieutenant Brown, who responded that Plaintiff does not "have any enemies or keep separates" in Pod 1A. *Id.* Plaintiff alleges that he appealed, but "nothing was done." *Id.* Attached to the amended complaint is an inmate grievance form dated April 18, 2021.[2] *Id.* On the form, Plaintiff wrote that he asked classification not to move him to Pod 1A because he had "enemies" there; that he was "jumped" by nine inmates the day after his transfer; and then "fought 4 people back to back" the following day. Dkt. 9-1. The portion of the form to be filled out by jail staff—including the issuing staff's name, the receiving officer's dated signature, and the grievance control number—is blank. *See id.*

Defendants move to dismiss contending, among other things, that the amended complaint fails to state a claim for failure to protect. *See* Dkt. 18. Defendants have submitted a sworn declaration from Lieutenant Charlene Jones, who is assigned to the Office of Professional Review at Riverside Regional Jail and, in that position, has access to inmate files. Dkt. 19-1, Def. Ex. A ¶ 2. Jones first attests that the jail has no record of Plaintiff submitting the April 18, 2021 grievance attached to the amended complaint. *Id.* ¶ 3. Jones further observes that the grievance form Plaintiff submitted is missing critical administrative information, including a grievance control number, the name of the issuing staff person, and the date and time. *Id.* Without such information, Jones avers,

---

[2] Plaintiff had attached to the original complaint a copy of the same grievance form, but with a signature from a receiving officer, dated April 29, 2021. *See* Dkt. 1-1. Plaintiff also attached to the original complaint an informal complaint dated April 1, 2021, with a signature from a respondent dated April 29, 2021. *See id.* Both the grievance form and the informal complaint contain responses stating that Plaintiff does not have "any enemies in or "keep separates" listed for Pod 1A. *Id.*

3

the grievance was therefore "not acknowledged as 'received' by any officer of Riverside Regional Jail, and it therefore was not filed with Riverside Regional Jail." *Id.* Jones further attests that there is no record that Plaintiff submitted an electronic request to Ms. Khan (or anyone else) on March 24, 2021. *Id.* ¶ 4. Jones adds that records show Plaintiff submitted only one electronic request during March 2021, on March 2, and that the request was related to his appeal of a previous disciplinary action. *Id.* Finally, Jones attests that there are no jail records showing Plaintiff was involved in any altercations between March 26 and March 28, 2021. *Id.* ¶ 5.

## II.  STANDARD OF REVIEW

### A.  Motion to Dismiss

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. A plaintiff can survive a motion to dismiss if the complaint alleges sufficient facts "to state a claim to relief that is plausible on its face." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When a complaint is filed by a litigant proceeding *pro se*, like Plaintiff is here, the allegations must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B.  Motion for Summary Judgment

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). In making this inquiry, the Court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *See E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 178 (4th Cir. 2018).

### III. DISCUSSION

#### A. Plaintiff Fails to State A Claim Against Lieutenant Sample and Ms. Khan.

Defendants first argue that the amended complaint fails to state a claim for failure to protect based on Plaintiff's initial placement in Pod 1A on March 25, 2021. Dkt. 19 at 5. They urge that Plaintiff's allegations that he warned Ms. Khan and Lieutenant Sample that he had enemies in Pod 1A, without providing any specific names or threats, did not place them on notice that Plaintiff faced a serious risk of harm. *Id.* at 6. To hold a prison official liable pursuant to a failure to protect claim, an inmate first must allege a "sufficiently serious" deprivation by showing "a serious or significant physical or emotional injury resulting from the challenged conditions." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (internal quotation marks omitted). Second, an inmate must allege that the prison official acted with "deliberate indifference" by alleging facts demonstrating that the official "kn[e]w the plaintiff inmate face[d] a serious danger to his safety" and the official "could avert the danger easily yet . . . fail[ed] to do so." *Id.* (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Without considering any of Defendants' evidence, the Court agrees that the amended complaint fails to state a claim for relief against Khan and Sample.

Here, Plaintiff does not allege that he told Khan or Sample that his supposed enemies had made any particular threat to harm him or that they were otherwise known to physically harm their enemies. Without that information, and Sample could not have been "aware of facts from which the inference could be drawn"—and draw the inference—"that a substantial risk of serious harm

exist[ed]," as is necessary to show that an officer acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Emilien v. Weeks*, No. 21-1647, 2022 WL 2500228, at *4 (D.S.C. May 27, 2022), *R. & R. adopted*, 2022 WL 2168011 (D.S.C. June 16, 2022) (finding that the plaintiff-inmate's warning to the defendant-officer "fail[ed] to identify any threat or risk to Plaintiff whatsoever other than Plaintiff's own speculation that the unidentified persons may wish to harm him" and concluding that "[s]uch an obscure warning" failed to support a failure to protect claim because it was "insufficient to place prison officials on notice" that the inmate who attacked Plaintiff "—or any other inmate, for that matter—posed a substantial risk of harm"); *Drayton v. Cohen*, No. 2:10-3171, 2012 WL 666839, at *7 (D.S.C. Feb. 29, 2012), *aff'd*, 474 F. App'x 991 (4th Cir. 2012) (opining that, to show failure to protect, "Plaintiff must do more than allege a generalized concern for his safety and welfare").

### B. Defendants Are Entitled to Summary Judgment on the Claim Against Officer Joyner and Sergeant Holland.

Next, Defendants argue that the amended complaint fails to state a claim for relief against Officer Joyner and Sergeant Holland based on their actions after Plaintiff was allegedly jumped by nine inmates in Pod 1A on March 26, 2021. Dkt. 19 at 6. In particular, they contend that they could not have failed to protect him because, after a *second* attack, Plaintiff was transferred to protect him from further physical altercations. *Id.* The Court finds this argument unpersuasive. Plaintiff alleges he suffered a serious physical injury from the first altercation—a black eye—and that Joyner and Holland saw Plaintiff's black eye and failed to move Plaintiff out of Pod 1A. Because the amended complaint contends that the first attack put Joyner and Holland on notice that Plaintiff faced serious risk of harm in Pod 1A and they failed to act to prevent a second altercation, Plaintiff has stated a viable failure to protect claim against Joyner and Holland. *See Brown*, 612 F.3d at 723.

However, Plaintiff's failure to protect claim as to Joyner and Holland fails on summary judgment. Defendants contend that there is no evidence to corroborate Plaintiff's allegation that he was attacked in Pod 1A on March 26 and 27, 2021. Dkt. 19 at 6–7. They point to Lieutenant Jones' testimony that she searched Plaintiff's classification and disciplinary files and found no documents showing that he was involved in any altercations on those dates. *Id.*; *see* Dkt. 19-1 ¶ 5.

Defendants are correct. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Here, there is insufficient evidence to support Plaintiff's claims. Plaintiff purports to have submitted grievance documentation to Riverside Regional Jail; however, neither the grievance form (Dkt. 1-1 at 1–2; Dkt. 9-1) nor the informal complaint (Dkt. 1-1 at 3) are admissible evidence. Plaintiff's documents have not been authenticated and are not attached to a sworn affidavit or declaration and, therefore, cannot be considered at summary judgment. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993). And Plaintiff's uncorroborated allegations in his unverified amended complaint are insufficient to show there is a genuine issue for trial. *See Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991) (stating that the nonmoving party "may not rest upon the mere allegations in his pleading but must set forth specific facts that show there is a genuine issue for trial"); *Berry v. Atl. Coast Line R.R. Co.*, 273 F.2d 572, 582 (4th Cir. 1960) (noting that once the defendants "made a convincing showing that no genuine issue of fact" existed for trial, "[t]he allegations of plaintiff's unverified complaint will not suffice" to survive a motion for summary judgment).

Defendants have put forth sworn testimony that there is no evidence Plaintiff was physically assaulted. Plaintiff has not contested this testimony or presented conflicting evidence. Thus, a factfinder would not be able to return a verdict in Plaintiff's favor. No reasonable juror

7

could conclude, based on this record, that Officer Joyner and Sergeant Holland failed to protect Plaintiff from being physically attacked in Pod 1A, and, therefore, summary judgment is warranted in their favor.

### C. Plaintiff Fails to State A Claim Against Sergeant Marshall.

Plaintiff also asserts a failure to protect claim against Sergeant Marshall. Although this Defendant has yet to appear in this action, the statute governing proceedings *in forma pauperis* mandates that "[n]otwithstanding any filing fee, or portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). The allegations against Marshall are virtually identical to those against Lieutenant Sample and Ms. Khan, namely, that Plaintiff told Marshall he had enemies in Pod 1A and Marshall did not stop his transfer there. This claim fails for the same reason as the claims against Sample and Khan: Plaintiff does not allege that he told Marshall he faced any specific threat or risk of harm from any specific enemies in Pod 1A. Thus, the failure to protect claim against Marshall must be dismissed.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. 18) is **GRANTED**; and it is further

**ORDERED** that the failure to protect claim against Defendant Sergeant Marshall is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that this civil action is **DISMISSED**.

To appeal this decision, Plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order

Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor Defendants; to send a copy of this Order to Plaintiff and to counsel of record for Defendants; and to close this civil action.

Entered this 20th day of December 2022.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge